# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| MICHAEL SCHRADER<br>1941 County Road 1035<br>Ashland, Ohio 44805,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMCRETE, LLC<br>1320 W 4th Street<br>Mansfield, Ohio 44906,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Michael Schrader, by and through undersigned counsel, as his Complaint against Defendant Amcrete, LLC, states and avers the following:

## PARTIES, VENUE, & JURISDICTION

1. Schrader is a resident of the city of Ashland, Ashland County, Ohio.

2. At all times herein, Schrader was acting in the course and scope of his employment.

3. Amcrete is a domestic limited liability company that does business at 1320 West 4th Street, Mansfield, Richland County, Ohio 44906.

4. Amcrete is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Schrader is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*.; and Families First Coronavirus Response Act ("FFCRA"), Pub. L No 116-117, 134 Stat. 178 (2020).



The Employee's Attorney.<sup>TM</sup>

6. This Court has supplemental jurisdiction over Schrader's state law claims pursuant to 28 U.S.C. § 1367 as Schrader's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Schrader filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02429 against Amcrete ("Schrader EEOC Charge").

9. On or about February 11, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Schrader regarding the Charges of Discrimination brought by Schrader against Amcrete in the Schrader EEOC Charge.

10. Schrader received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

11. Schrader has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Schrader has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Schrader is a former employee of Amcrete.

14. On or about January 15, 2020, Schrader began working for Amcrete.

15. Amcrete employed Schrader as an operator.

16. At all times herein, Schrader was qualified for the position of operator.



17. On or about March 9, 2020, Ohio Governor Mike DeWine signed Executive Order 2020-01D, declaring a state of emergency due to the COVID-19 pandemic.

18. On or about March 18, 2020, Congress passed, and President Donald Trump signed, FFCRA.

19. On or about March 23, 2020, Schrader reported to work.

20. On or about March 23, 2020, Schrader experienced fatigue, nausea, and indigestion ("Schrader's Symptoms").

21. When Schrader reported to work on March 23, 2020, he did not realize that he was ill.

22. Fatigue is a symptom of COVID-19.

23. Nausea is a symptom of COVID-19.

24. Indigestion is a symptom of COVID-19.

25. On or about March 23, 2020, Schrader reported Schrader's Symptoms to Joe Wharton.

26. Wharton was Schrader's supervisor.

27. When Schrader reported Schrader's Symptoms to Wharton, Wharton reported Schrader's Symptoms to Wes Turnbaugh.

28. Turnbaugh was Amcrete's vice president of operations.

29. On or about March 23, 2020, Schrader requested to go home due to Schrader's Symptoms.

30. On or about March 23, 2020, Schrader requested to go home because he did not want to spread COVID-19.

31. In or about March 2020, the Centers for Disease Control and Prevention ("CDC") recommended that individuals with COVID-19 symptoms stay home from work for 14 days.

32. April 6, 2020, was 14 days from March 23, 2020.

33. On or about March 23, 2020, Schrader requested leave through at least April 6, 2020.



34. On or about March 23, 2020, Wharton and Turnbaugh questioned Schrader about Schrader's Symptoms.

35. On or about March 23, 2020, Schrader honestly explained his symptoms to Wharton and Turnbaugh.

36. On or about March 23, 2020, Schrader told Wharton and Turnbaugh that he has smoked cigarettes for years.

37. On or about March 23, 2020, Schrader told Wharton and Turnbaugh that he has had a chronic cough for years.

38. Smoking causes emphysema.

39. Symptoms of emphysema include coughing, wheezing, and shortness of breath.

40. On or about March 23, 2020, Wharton perceived Schrader as having emphysema.

41. On or about March 23, 2020, Turnbaugh perceived Schrader as having emphysema.

42. Smoking causes chronic obstructive pulmonary disease ("COPD").

43. Symptoms of COPD include coughing, wheezing, and shortness of breath.

44. On or about March 23, 2020, Wharton perceived Schrader as having COPD.

45. On or about March 23, 2020, Turnbaugh perceived Schrader as having COPD.

46. Smoking causes lung cancer.

47. Symptoms of lung cancer include coughing, wheezing, and shortness of breath.

48. On or about March 23, 2020, Wharton perceived Schrader as having lung cancer.

49. On or about March 23, 2020, Turnbaugh perceived Schrader as having lung cancer.

50. Smoking causes asthma.

51. Symptoms of asthma include coughing, wheezing, and shortness of breath.

52. On or about March 23, 2020, Wharton perceived Schrader as having asthma.

The Employee's Attorney.™ 

53. On or about March 23, 2020, Turnbaugh perceived Schrader as having asthma.

54. On or about March 23, 2020, Wharton perceived Schrader as disabled.

55. On or about March 23, 2020, Turnbaugh perceived Schrader as disabled.

56. Schrader is disabled within the meaning of ADA.

57. Schrader is disabled within the meaning of R.C. § 4112.01 *et seq.*

58. On or about March 24, 2020, Amcrete terminated Schrader's employment ("Termination").

59. The Termination was an adverse employment action.

60. The Termination was an adverse action.

61. Amcrete terminated Schrader's employment one day after he requested leave.

62. Amcrete terminated Schrader's employment one day after he reported Schrader's Symptoms.

63. Amcrete terminated Schrader's employment one day after he informed them about his chronic cough.

64. On or about March 24, 2020, Melody Pangborn informed Schrader about the Termination via phone ("Termination Meeting").

65. Pangborn was Amcrete's director of human resources.

66. In the Termination Meeting, Pangborn alleged that the reason for the Termination was that Schrader lied about Schrader's Symptoms ("Termination Excuse").

67. Schrader did not lie about Schrader's Symptoms.

68. The Termination Excuse had no basis in fact.

69. The Termination Excuse was not the real reason for the Termination.

70. The Termination Excuse was pretextual.

71. Amcrete has a progressive disciplinary policy ("Discipline Policy").

72. A verbal warning is the lowest level of discipline in the Discipline Policy.



73. Schrader did not receive a verbal warning before the Termination.

74. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

75. Schrader did not receive a written warning before the Termination.

76. A termination is the highest level of discipline in the Discipline Policy.

77. Amcrete knowingly skipped progressive disciplinary steps in terminating Schrader.

78. Amcrete knowingly terminated Schrader's employment.

79. Amcrete knowingly took an adverse employment action against Schrader.

80. Amcrete knowingly took an adverse action against Schrader.

81. Amcrete intentionally skipped progressive disciplinary steps in terminating Schrader.

82. Amcrete intentionally terminated Schrader's employment.

83. Amcrete intentionally took an adverse employment action against Schrader.

84. Amcrete intentionally took an adverse action against Schrader.

85. Amcrete knew that skipping progressive disciplinary steps in terminating Schrader would cause Schrader harm, including economic harm.

86. Amcrete knew that terminating Schrader would cause Schrader harm, including economic harm.

87. Amcrete willfully skipped progressive disciplinary steps in terminating Schrader.

88. Amcrete willfully terminated Schrader's employment.

89. Amcrete willfully took an adverse employment action against Schrader.

90. Amcrete willfully took an adverse action against Schrader.

91. On or about March 24, 2020, Amcrete terminated Schrader's employment because of his disability.

92. On or about March 24, 2020, Amcrete terminated Schrader's employment because of his perceived disability.



93. On or about March 24, 2020, Amcrete terminated Schrader's employment because he requested leave due to Schrader's Symptoms.

94. On or about March 24, 2020, Amcrete terminated Schrader's employment in order to prevent him from using qualified leave under FFCRA.

95. As a direct and proximate result of Amcrete's conduct, Schrader suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

96. Schrader restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

97. Amcrete treated Schrader differently than other similarly-situated employees based on his disabling condition.

98. Amcrete treated Schrader differently than other similarly-situated employees based on his perceived disabling condition.

99. On or about March 24, 2020, Amcrete terminated Schrader's employment without just cause.

100. Amcrete terminated Schrader's employment based on his disability.

101. Amcrete terminated Schrader's employment based on his perceived disability.

102. Amcrete violated ADA when it discharged Schrader based on his disability.

103. Amcrete violated ADA when it discharged Schrader based on his perceived disability.

104. Amcrete violated ADA by discriminating against Schrader based on his disabling condition.

105. Amcrete violated ADA by discriminating against Schrader based on his perceived disabling condition.

106. As a direct and proximate result of Amcrete's conduct, Schrader suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.



## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

107. Schrader restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

108. Amcrete treated Schrader differently than other similarly-situated employees based on his disabling condition.

109. Amcrete treated Schrader differently than other similarly-situated employees based on his perceived disabling condition.

110. On or about March 24, 2020, Amcrete terminated Schrader's employment without just cause.

111. Amcrete terminated Schrader's employment based on his disability.

112. Amcrete terminated Schrader's employment based on his perceived disability.

113. Amcrete violated R.C. § 4112.02 when it discharged Schrader based on his disability.

114. Amcrete violated R.C. § 4112.02 when it discharged Schrader based on his perceived disability.

115. Amcrete violated R.C. § 4112.02 by discriminating against Schrader based on his disabling condition.

116. Amcrete violated R.C. § 4112.02 by discriminating against Schrader based on his perceived disabling condition.

117. As a direct and proximate result of Amcrete's conduct, Schrader suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

118. Schrader restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



119. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, including R.C. §§ 4101.11 and 4101.12, or in the common law, requiring employers to furnish a safe environment for employees and frequenters.

120. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he/she engages in protected activity under Ohio law.

121. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, including Ohio Executive Order 2020-01D, or in the common law, against spreading COVID-19.

122. On or about March 23, 2020, Schrader requested leave from work because he was experiencing symptoms similar to COVID-19.

123. On or about March 23, 2020, Schrader requested leave from work in order to avoid spreading COVID-19.

124. Amcrete's termination of Schrader jeopardizes these public policies.

125. Amcrete's termination of Schrader was motivated by conduct related to these public policies.

126. Amcrete had no overriding business justification for terminating Schrader.

127. As a direct and proximate result of Amcrete's conduct, Schrader has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT IV: VIOLATION OF FFCRA

128. Schrader restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

129. Amcrete has fewer than 500 employees.

The Employee's Attorney.™ 

130. On or about March 23, 2020, Amcrete had fewer than 500 employees.

131. On or about April 1, 2020, Amcrete had fewer than 500 employees.

132. As of March 23, 2020, Schrader worked for Amcrete for more than 30 days.

133. On or about March 23, 2020, Schrader had symptoms similar to COVID-19.

134. On or about March 23, 2020, Schrader requested leave due to his symptoms similar to COVID-19.

135. In or about March 2020, the Centers for Disease Control and Prevention ("CDC") recommended that individuals with COVID-19 symptoms stay home from work for 14 days.

136. April 6, 2020, was 14 days after March 23, 2020.

137. On or about March 23, 2020, Schrader requested leave through at least April 6, 2020.

138. On or about April 1, 2020, Schrader would have become eligible for leave under FFCRA.

139. Schrader requested to take qualified leave under FFCRA.

140. On or about March 23, 2020, Amcrete terminated Schrader's employment because he requested to take qualified leave under FFCRA.

141. As a direct and proximate result of Amcrete's wrongful conduct, Schrader is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Schrader respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Amcrete retroactively to restore Schrader to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;



(b) An award against Amcrete of compensatory and monetary damages to compensate Schrader for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Amcrete in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Schrader's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Michael Schrader*

## JURY DEMAND

Plaintiff Schrader demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

