**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)**

| | | |
|---|---|---|
| MICHAEL SCHRADER | ) | CASE NO. 1:21-cv-987 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | **PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| AMCRETE, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Michael Schrader, by and through undersigned counsel, as his First Amended Complaint against Defendant Amcrete, LLC, states and avers the following:

## PARTIES, VENUE, & JURISDICTION.

1. Schrader is a resident of the city of Ashland, Ashland County, Ohio.

2. Amcrete is a domestic limited liability company that does business at 1320 West 4th Street, Mansfield, Richland County, Ohio 44906.

3. Amcrete is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Schrader is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*

5. This Court has supplemental jurisdiction over Schrader's state law claims pursuant to 28 U.S.C. § 1367 as Schrader's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.   Within 300 days of the conduct alleged below, Schrader filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02429 against Amcrete ("Schrader EEOC Charge").

8.   On or about February 11, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Schrader regarding the Charges of Discrimination brought by Schrader against Amcrete in the Schrader EEOC Charge.

9.   Schrader received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

10.   Schrader has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11.   Schrader has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTUAL ALLEGATIONS.

12.   Schrader is a former employee of Amcrete.

13.   On or about February 5, 2020, Schrader began working for Amcrete.

14.   Amcrete employed Schrader as an operator.

15.   At all times referenced herein, Schrader was supervised by Joe Wharton, a Foreman for Amcrete.

16.   In or around February and/or March of 2020, the public was just starting to learn about Coronavirus, which was being heavily reported on in the national and local media.

17.   On or about March 9, 2020, Ohio Governor Mike DeWine signed Executive Order 2020-01D, declaring a state of emergency due to the COVID-19 pandemic.

18. At all times referenced herein Schrader was a regular smoker of cigarettes.

19. As a result of Schrader's life-long use of cigarettes, he frequently coughs ("Smokers Cough").

20. Schrader's Smoker's Cough is aggravated by colder temperatures.

21. Schrader's Smoker's Cough is usually worse in the morning hours and begins to improve later in the afternoon.

22. Schrader's Smoker's Cough improves when Schrader is in warmer temperatures.

23. At all times referenced herein, Schrader and other Amcrete employees reported directly to various job sites Amcrete had contracts for.

24. On or about March 25, 2020, Schrader reported to work as usual.

25. When Schrader reported to work, he reported to the job site, rather than to Amcrete's offices.

26. Schrader travelled with two co-workers to the job site in a truck.

27. When Schrader initially reported to work on March 25, 2020, he did not feel ill.

28. Schrader was subjected to a temperature check when he reported to work on March 25, 2020.

29. Schrader did not have a high temperature or fever on March 25, 2020.

30. After working all morning on March 25, 2020, Schrader began to experience fatigue, nausea, and indigestion/diarrhea ("Symptoms").

31. Schrader coughed with some regularity while he was at work on March 25, 2020, as he usually did due to his Smoker's Cough.

32. Fatigue is a symptom of COVID-19.

33. Nausea is a symptom of COVID-19.

34. Indigestion is a symptom of COVID-19.

35. Diarrhea is a symptom of COVID-19.

36. Coughing is a symptom of COVID-19.

37. As a result of his indigestion and/or diarrhea, Schrader, frequently had to use the on-site portable toilet.

38. At around noon on March 25, 2020, Schrader took a bathroom break and used the on-site portable toilet.

39. As a result of his indigestion and/or diarrhea, Schrader had to use the on-site portable toilet for a prolonged period of time.

40. Schrader's Symptoms began to improve each time he used the portable toilet.

41. After Schrader exited the portable toilet, he coughed.

42. Wharton approached Schrader after Shrader exited the portable toilet and asked him if he was sick.

43. Schrader told Wharton about his Symptoms.

44. Wharton dismissed Schrader's report about his Symptoms and began to question Schrader's cough.

45. Schrader told Wharton that he was not sick and just had Smoker's Cough.

46. Wharton scolded Schrader for reporting to work while "sick" and told Schrader that he should not have come into work that day.

47. Shortly thereafter, Wharton ejected Schrader and the two co-workers he had travelled with from the job site.

48. Wharton ejected Wharton and the two co-workers he had travelled with from the job site at the request of the job site superintendent, "Zach" (last name unknown).

49. Wharton and Zach regarded Schrader as having Coronavirus.

50. Wharton and Zach ejected Schrader from the job site because they regarded him as having Coronavirus.

51. Wharton and Zach ejected the two employees Schrader had travelled with from the job site because they had been in close proximity to Schrader.

52. Subsequently, Wharton reported Schrader's ejection from the job site and suspected Coronavirus infection to Amcrete's Vice President of Operations, Wes Turnbaugh.

53. Turnbaugh spoke with Schrader by phone as Schrader was leaving the job site.

54. Schrader attempted to assure Turnbaugh that he was "fine," did not have Coronavirus, and that his cough was just a Smoker's Cough.

55. Subsequently, Schrader and the two co-workers he had travelled with arrived at Amcrete's office, where their temperatures were checked again by Nick Turnbaugh, Amcrete's President.

56. Neither Schrader nor the co-workers he had travelled with had a high temperature or a fever.

57. Schrader again explained to Nick Turnbaugh that he was not sick and just had a Smoker's Cough due to the cool air on the job site.

58. Nick Turnbaugh responded to Schrader by telling Schrader that Wharton had stated that Schrader told Wharton that he was sick.

59. Schrader told Nick Turnbaugh that Wharton allegations were incorrect, and that Schrader had never told anyone he was sick.

60. Schrader told Nick Turnbaugh that he told Wharton he had diarrhea and that he told Wharton about his Smoker's Cough in response to Wharton's questioning about his cough.

61. Nick Turnbaugh responded to Schrader's denials by telling Schrader that he would need to stay home until he could "look into the situation."

62. Nick Turnbaugh regarded Schrader as suffering from Covid-19.

63. Nick Turnbaugh sent Schrader homer because he regarded Schrader as suffering from Covid-19.

64. On or about March 26, 2020, Amcrete terminated Schrader's employment.

65. Amcrete's stated reason for terminating Schrader was that Schrader had allegedly been dishonest when he reported that he felt "fine" when reporting to work.

66. Amcrete's stated reason for terminating Schrader was that Schrader had been dishonest when he allegedly told Wharton that he was sick.

67. Shrader did not tell Wharton he was sick; to the contrary, Schrader told Wharton he was not sick but had diarrhea and Smoker's Cough.

68. Wharton determined in his own judgment that Schrader was "sick" because he regarded Schrader as suffering from Coronavirus.

69. Amcrete's stated reason for terminating Schrader was that Schrader had allegedly been dishonest when he reported that he felt "fine" to Nick Turnbaugh.

70. Amcrete's stated reason for terminating Schrader has no basis in fact.

71. Schrader had not been dishonest when discussing how he felt with Amcrete's Management.

72. Schrader had not been dishonest when he reported his symptoms to Wharton.

73. Amcrete did not have a reasonable belief that Schrader had been dishonest, but instead terminated Schrader as part of a knee-jerk reaction born out of a fear that Schrader was infected with Coronavirus and could infect others, impacting Amcrete's business operations.

74. Amcrete terminated Schrader because he suffers from Smoker's Cough and/or because Amcrete perceived Schrader's Smoker's Cough to be a symptom of Coronavirus.

75. Amcrete's stated reason for terminating Schrader is a pretext for disability discrimination based on Amcrete's perception of Schrader as being infected with Covid-19.

76. Amcrete knew that terminating Schrader would cause Schrader harm, including economic harm.

77. Amcrete willfully terminated Schrader's employment.

78. As a direct and proximate result of Amcrete's conduct, Schrader suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF IN VIOLATION OF 42 U.S.C §12112.

79. Schrader restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Schrader suffers from Smoker's Cough, which makes him prone to coughing fits, particularly in cold air and during the first several hours of his day.

81. Schrader's Smoker's Cough substantially limits impairs one or more of Schader's major bodily functions, such as breathing.

82. On or about March 25, 2020, Schrader began to develop Symptoms that are consistent with Coronavirus and other illnesses.

83. While Coronavirus is often transitory, it is not minor.

84. Over 600,000 Americans have died from Coronavirus since 2020.

85. Amcrete was aware that Schrader suffered from an actual disability and/or a physical impairment, and/or perceived Schrader to suffer from a disability and/or a physical impairment.

86. Amcrete was aware that Schrader was suffering from Symptoms consistent with Smoker's Cough and/or Coronavirus.

7

87. 42 U.S.C § 12112 (A) provide that "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

88. Amcrete violated 42 U.S.C § 12112 (A) when it terminated Schrader because of his disability and/or because Amcrete regarded Schrader as suffering from a disability and/or physical impairment.

89. As a result of Amcrete's discrimination against Schrader in violation of 42 U.S.C § 12112 (A), Schrader has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

90. In its discriminatory actions as alleged above, Amcrete acted with malice or reckless indifference to the rights of Schrader, thereby entitling Schrader to an award of punitive damages.

91. To remedy the violations of the rights of Schrader secured by 42 U.S.C § 12112 (A), Schrader requests that the Court award him the relief demanded below.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF OHIO R.C. § 4112.02(A)

92. Schrader restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93. Schrader suffers from Smoker's Cough, which makes him prone to coughing fits, particularly in cold air and during the first several hours of his day.

94. Schrader's Smoker's Cough substantially limits impairs one or more of Schader's major bodily functions, such as breathing.

95. On or about March 25, 2020, Schrader began to develop Symptoms that are consistent with Coronavirus as well as other illnesses.

96. While Coronavirus is often transitory, it is not minor.

97. Over 600,000 Americans have died from Coronavirus since 2020.

98. Amcrete was aware that Schrader suffered from an actual disability and/or a physical impairment, and/or perceived Schrader to suffer from a disability and/or a physical impairment.

99. Amcrete was aware that Schrader was suffering from Symptoms consistent with Smoker's Cough and/or Coronavirus.

100. Pursuant to Ohio R.C. § 4112.02(A), it shall be unlawful "for any employer, because of the …disability…of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

101. Amcrete violated Ohio R.C. § 4112.02(A) when it terminated Schrader because of his disability and/or because Amcrete regarded Schrader as suffering from a disability and/or physical impairment.

102. As a result of Amcrete's discrimination against Schrader in violation of Ohio R.C. § 4112.02(A), Schrader has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

103. In its discriminatory actions as alleged above, Amcrete acted with malice or reckless indifference to the rights of Schrader, thereby entitling Schrader to an award of punitive damages.

104. To remedy the violations of the rights of Schrader secured by Ohio R.C. § 4112.02(A), Schrader requests that the Court award him the relief demanded below.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Michael Schrader requests judgment in his favor against Defendant, containing the following relief:

(a) An order directing Defendant to place Schrader in the position he would have occupied but for Defendants' discriminatory treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Schrader;

(b) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Schrader for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

(c) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Schrader for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

(d) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Schrader for harm to his professional and personal reputation and loss of career fulfillment;

(e) An award of damages for any and all other monetary and/or non-monetary losses suffered by Schrader in an amount to be determined at trial, plus prejudgment interest;

(f) An award of punitive damages;

(g) An award of costs that Schrader has incurred in this action, as well as Schrader's reasonable attorneys' fees to the fullest extent permitted by law; and

(h) Awarding such other and further relief that this Court deems necessary and proper.

Respectfully submitted,

/s/Chris P. Wido
Chris Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Michael Schrader*

## JURY DEMAND

Plaintiff Michael Schrader demands a trial by jury by the maximum number of jurors permitted.

/s/Chris P. Wido
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

*Attorney for Plaintiff Michael Schrader*

11